IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HANDSTANDS PROMO, LLC, a Utah limited liability company,<br><br>    Plaintiff<br>  v.<br><br>SLIP TO GRIP, LLC, a Michigan limited liability company d/b/a SlipToGrip,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No.  2:18-cv-11157<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Handstands Promo, LLC (hereinafter "Plaintiff" or "Handstands"), by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Slip To Grip d/b/a SlipToGrip ("Defendant" or "SlipToGrip").

1

# COMPLAINT

Plaintiff complains and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Handstands is a Utah limited liability company having a principal place of business at 102 West 12200 South, Draper Utah 84020.

2.      Upon information and belief, Defendant is a Michigan limited liability company with its principal place of business at 733 Old Timber Trail, New Lothrop, Michigan 48460.

3.      Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1 et seq., and U.S. trademark laws, 15 U.S.C. §§ 1051 et seq.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

5.      This Court has supplemental jurisdiction over any state law, or statutory and common law claims pursuant to 28 U.S.C. § 1367.

6.      Upon information and belief, this Court has specific personal jurisdiction over Defendant because Defendant resides in Michigan.

7.      Upon information and belief, Defendant maintains an office in the state of Michigan and has substantial, continuous contacts with the state of Michigan.  Accordingly, this Court has general personal jurisdiction over the Defendant.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400 at least because Defendant resides in Michigan, has committed acts of infringement in this district, has a regular and established place of business in this district, conducts business in this district directly related to the patents at issue in this case, is subject to the court's personal jurisdiction in this case, and a substantial part of the infringing activity giving rise to the Plaintiff's causes of action occurred in this judicial district.

## BACKGROUND

9.      Handstands is an industry leader in developing, manufacturing, marketing, distributing, and selling various phone, tablet and automotive accessories and other products, including frictional holding pads for removably attaching items, such as cell phones or digital music players, to a surface, such as an automobile dashboard.

10.     One of Handstands' frictional holding pad devices is marketed as Roadster™ and is shown below.




11.    Another of Handstands' frictional holding devices is marketed as Sticky Pad® and is shown below.




## **Handstands' Frictional Holding Device Intellectual Property**

12.    Handstands has been awarded and is the owner of many patents relating to and covering its frictional holding devices. Among the patents that Handstands has been awarded are U.S. Patent Nos. 8,490,846 (the "'846 Patent"), 8,851,349 (the "'349 Patent"), 7,125,602 (the "'602 Patent") and 7,252,867 (the "'867 Patent") (together, the "Patents-in-Suit"), attached as Exhibits 1-4, respectively.

13.    In accordance with 35 U.S.C. § 287, Handstands has given notice to the public of the Patents-in-Suit by duly and properly marking all articles covered by these patents that have been sold, offered for sale, or imported by Handstands, including with prominent marking on Handstands' website.

14.    Handstands' Sticky Pad® and Roadster™ products are well-known in the industry, such that Handstands' competitors are very likely to have seen its products, including the patent markings.

15.    Handstands is the owner of United States Trademark Registration Number 3,273,026 (hereinafter referred to as the "'026 Registration") directed to the configuration of a removable non-slip surface for use in vehicles to hold objects on a dashboard.  The mark consists of a product configuration which comprises a pad having a generally rectangular shape wherein the pad has rounded corners, inwardly tapered long sides and outwardly tapered short sides (hereinafter

5

referred to as the "Pad Product Configuration"). The mark has been in continual use with the associated goods since at least as early as December, 2001. A copy of United States Trademark Registration Number 3,273,026 is attached hereto as Exhibit 5.

16.     As part of its branding, Handstands employs a generally rectangular shape comprising rounded corners, inwardly tapered long sides and outwardly tapered short sides as part of its Sticky Pad® branding.

17.     The Sticky Pad® product has proven to be a very successful product. As such, Handstands has significant common law rights associated with the product configuration of the Sticky Pad® throughout the United States

**SlipToGrip Infringes Handstands' Intellectual Property**

18.     SlipToGrip is in the business of making, using, selling, offering for sale, and/or importing into the United States a variety of automobile accessories.

19.     SlipToGrip's products are sold through online retailers, including at www.sliptogrip.com and www.amazon.com, where they are purchased by consumers throughout the United States.

20.    Upon information and belief, SlipToGrip manufactures, markets, and sells a frictional pad product known as a Smart Phone Holder (hereinafter "Accused Holder Product").  An example of the Accused Holder Product is shown below.



21.    Upon information and belief, SlipToGrip manufactures, markets, and sells a frictional pad product known as a Premium Cell Pad (hereinafter "Accused Pad Product").  An example of the Accused Pad Product is shown below.



22.    Upon information and belief, SlipToGrip has knowledge of Handstands' Sticky Pad® and Roadster™ products because, among other reasons, Handstands' products are prominent on Amazon.com, the same channel used by SlipToGrip to sell its Accused Holder Product and Accused Pad Product. Handstands asserts that there is a reasonable inference that SlipToGrip has had knowledge of the Patents-in-Suit prior to the filing of this Complaint, and has also had knowledge that the Accused Holder Product and Accused Pad Product infringe the Patents-in-Suit.

23.    SlipToGrip has not obtained permission from Handstands to use any of the rights attendant to the Patents-in-Suit or the '026 Registration in connection with the Accused Holder Product or the Accused Pad Product.

24.    By reason of SlipToGrip's infringing acts, Handstands has suffered damage in an amount to be proven at trial.  The harm to Handstands from SlipToGrip's infringing activities is not fully compensable by monetary damages, and Handstands will continue to suffer irreparable harm unless SlipToGrip's infringing conduct is enjoined.

25.    Upon information and belief, SlipToGrip acted with egregious misconduct with respect to Handstands' patent rights. Upon information and belief, SlipToGrip has made, sold, offered to sell, and/or imported into the United States the Accused Holder Product and Accused Pad Product knowing that it was highly

8

likely that its acts would infringe the Patents-in-Suit. As a result, SlipToGrip has

engaged in willful infringement of the Patents-in-Suit, and Handstands is therefore

entitled to treble damages, interest, costs, and attorney's fees in accordance with 35

U.S.C. §§ 284 and 285.

## FIRST CAUSE OF ACTION
### (Infringement of the '846 Patent)

26.     Plaintiff hereby incorporates and realleges paragraphs 1-25 of this

Complaint.

27.     Upon information and belief, the Accused Holder Product infringes at

least one claim of the '846 Patent.

28.     Upon information and belief, by making, using, selling, offering for

sale, and/or importing into the United States the Accused Holder Product,

SlipToGrip has in the past, does now, and continues to directly infringe,

contributorily infringe, and/or induce others to infringe the claims of the '846

patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §

271.

29.     Claim 1 of the '846 Patent recites:

A frictional pad in combination with an upward facing support surface of a
dashboard or consol of a vehicle upon which the frictional pad is disposed
and upon which a cell phone, GPS or digital music player is selectively
disposed and held in a non-adhesive, non-slip, tacky fashion by the frictional
pad, the frictional pad comprising:

a) top and bottom surfaces, the bottom surface having a lowermost contact surface that is disposed on the upward facing support surface of the dashboard or console of the vehicle;

b) a pair of opposite sidewalls extending upward on opposite sides of the pad;

c) a pair of inclined slots each formed in a different one of the pair of sidewalls oriented at a non-perpendicular angle with respect to the pad and laterally aligned with respect to one another;

d) the cell phone, GPS or digital music player removably disposable on and frictionally clinging to an uppermost contact surface of the pad between the opposite sidewalls and substantially parallel with the pad or uppermost contact surface thereof; and

e) the cell phone, GPS or digital music player removably disposable in the pair of slots and held inclined with respect to the pad or uppermost contact surface thereof by the pair of sidewalls; and

f) the pad being flexible and bending at the pair of slots to increase a width of each of the pair of slots to receive the cell phone, UPS or digital music player therein, and to decrease the width of each of the slots to grip the cell phone, GPS or digital music player therein.

30.     A claim chart cross referencing the elements of Claim 1 with an explanation of the infringing aspects of the Accused Holder Product is attached hereto as Exhibit 6 and is incorporated by reference herein.

31.     Upon information and belief, SlipToGrip's customers and others are using the Accused Holder Product and at no time has Handstands granted SlipToGrip's customers and other users of the Accused Holder Product permission to practice the claims of the '846 Patent.

10

32.    Accordingly, SlipToGrip's customers and users of the Accused Holder Product have directly infringed and are directly infringing the '846 Patent.

33.    Upon information and belief, SlipToGrip knew about the '846 Patent at least because it knew of Handstands' products and its patent marking, and SlipToGrip knew that its actions constituted infringement of the '846 Patent.

34.    Upon information and belief, the packaging and/or manuals for SlipToGrip's Accused Holder Product instruct customers and other users on how to use the Accused Holder Product.

35.    Upon information and belief, SlipToGrip has induced and is inducing its customers and other users of the Accused Holder Product to infringe claims of the '846 Patent.

36.    Furthermore, upon information and belief, the features provided by the Accused Holder Product are material to practicing the '846 Patent and do not have a substantial non-infringing use.

37.    Accordingly, SlipToGrip has contributed and is contributing to the infringement of the '846 Patent.

38.    By reason of SlipToGrip's infringement of the claims of the '846 Patent alleged herein, Handstands has suffered damage in an amount to be proven at trial.  The harm to Handstands from SlipToGrip's infringing activities are not

fully compensable by monetary damages, and Handstands will continue to suffer irreparable harm unless SlipToGrip's infringing conduct is enjoined.

39.    Upon information and belief, SlipToGrip acted with egregious misconduct with respect to Handstands' patent rights. Upon information and belief, SlipToGrip has made, sold, offered to sell, and/or imported into the United States the Accused Holder Product knowing that it was highly likely that its acts would infringe the '846 Patent. As a result, SlipToGrip has engaged in willful infringement of the '846 Patent, and Handstands is therefore entitled to treble damages, interest, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (Infringement of the '349 Patent)

40.    Plaintiff hereby incorporates and realleges paragraphs 1-39 of this Complaint.

41.    Upon information and belief, the Accused Holder Product infringes at least one claim of the '349 Patent.

42.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States the Accused Holder Product, SlipToGrip has in the past, does now, and continues to directly infringe, contributorily infringe, and/or induce others to infringe the claims of the '846

12

patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §

271.

43.    Claim 1 of the '349 Patent recites:

A frictional pad in combination with an upward facing support surface of a
dashboard or consol of a vehicle upon which the frictional pad is disposed
and upon which a cell phone, GPS or digital music player is selectively
disposed and held in a non-adhesive, non-slip, tacky fashion by the frictional
pad, the frictional pad comprising:

a) top and bottom surfaces, the bottom surface having a lowermost
contact surface that is disposed on the upward facing support surface
of the dashboard or console of the vehicle;

b) a pair of opposite sidewalls extending upward on opposite sides of
the pad;

c) a pair of inclined slots each formed in a different one of the pair of
sidewalls oriented at a non-perpendicular angle with respect to the pad
and laterally aligned with respect to one another;

d) the cell phone, GPS or digital music player removably disposable
on and frictionally clinging to an uppermost contact surface of the
pad;

e) the cell phone, GPS or digital music player removably disposable in
the pair of slots and held inclined with respect to the pad or uppermost
contact surface thereof by the pair of sidewalls;

f) the pair of opposite sidewalls form a portion of a perimeter wall
surrounding a majority of the pad; and

g) the perimeter wall includes a front wall with an elevational height
less than an elevational height of the pair of sidewalls.

44.     A claim chart cross referencing the elements of Claim 1 with an explanation of the infringing aspects of the Accused Holder Product is attached hereto as Exhibit 7 and is incorporated by reference herein.

45.     Upon information and belief, SlipToGrip's customers and others are using the Accused Holder Product and at no time has Handstands granted SlipToGrip's customers and other users of the Accused Holder Product permission to practice the claims of the '349 Patent.

46.     Accordingly, SlipToGrip's customers and users of the Accused Holder Product have directly infringed and are directly infringing the '349 Patent.

47.     Upon information and belief, SlipToGrip knew about the '349 Patent at least at least because it knew of Handstands' products and its patent marking, and SlipToGrip knew that its actions constituted infringement of the '349 Patent.

48.     Upon information and belief, the packaging and/or manuals for SlipToGrip's Accused Holder Product instruct customers and other users on how to use the Accused Holder Product.

49.     Upon information and belief, SlipToGrip has induced and is inducing its customers and other users of the Accused Holder Product to infringe claims of the '349 Patent.

50.     Furthermore, upon information and belief, the features provided by the Accused Holder Product are material to practicing the '349 Patent and do not have a substantial non-infringing use.

51.     Accordingly, SlipToGrip has contributed and is contributing to the infringement of the '349 Patent.

52.     By reason of SlipToGrip's infringement of the claims of the '349 Patent alleged herein, Handstands has suffered damage in an amount to be proven at trial.  The harm to Handstands from SlipToGrip's infringing activities are not fully compensable by monetary damages, and Handstands will continue to suffer irreparable harm unless SlipToGrip's infringing conduct is enjoined.

53.     Upon information and belief, SlipToGrip acted with egregious misconduct with respect to Handstands' patent rights. Upon information and belief, SlipToGrip has made, sold, offered to sell, and/or imported into the United States the Accused Holder Product knowing that it was highly likely that its acts would infringe the '349 Patent. As a result, SlipToGrip has engaged in willful infringement of the '349 Patent, and Handstands is therefore entitled to treble damages, interest, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION
### (Infringement of the '602 Patent)

54.     Plaintiff hereby incorporates and realleges paragraphs 1-53 of this Complaint.

55.     Upon information and belief, the Accused Pad Product infringes at least one claim of the '602 Patent.

56.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States the Accused Pad Product, SlipToGrip has in the past, does now, and continues to directly infringe, contributorily infringe, and/or induce others to infringe the claims of the '846 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

57.     Claim 1 of the '602 Patent recites:

A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

(a) a dashboard or console of a vehicle;

(b) a pad having a bottom disposed on the dashboard or console of the vehicle, and a top;

(b) the top having a contoured top surface extending over a majority of the top;

(d) the top surface including a plurality of protrusions or indentations;

(e) the bottom having a bottom surface smoother than the top surface and configured to contact and frictionally cling to the vehicle surface; and

(f) an item, removably disposed on the top surface of the pad, the item being selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

58.    A claim chart cross referencing the elements of Claim 1 with an explanation of the infringing aspects of the Accused Pad Product is attached hereto as Exhibit 8 and is incorporated by reference herein.

59.    Upon information and belief, SlipToGrip's customers and others are using the Accused Pad Product and at no time has Handstands granted SlipToGrip's customers and other users of the Accused Pad Product permission to practice the claims of the '602 Patent.

60.    Accordingly, SlipToGrip's customers and users of the Accused Pad Product have directly infringed and are directly infringing the '602 Patent.

61.    Upon information and belief, SlipToGrip knew about the '602 Patent at least because it knew of Handstands' products and its patent marking, and SlipToGrip knew that its actions constituted infringement of the '602 Patent.

17

62.    Upon information and belief, the packaging and/or manuals for SlipToGrip's Accused Pad Product instruct customers and other users on how to use the Accused Pad Product.

63.    Upon information and belief, SlipToGrip has induced and is inducing its customers and other users of the Accused Pad Product to infringe claims of the '602 Patent.

64.    Furthermore, upon information and belief, the features provided by the Accused Pad Product are material to practicing the '602 Patent and do not have a substantial non-infringing use.

65.    Accordingly, SlipToGrip has contributed and is contributing to the infringement of the '602 Patent.

66.    By reason of SlipToGrip's infringement of the claims of the '602 Patent alleged herein, Handstands has suffered damage in an amount to be proven at trial.  The harm to Handstands from SlipToGrip's infringing activities are not fully compensable by monetary damages, and Handstands will continue to suffer irreparable harm unless SlipToGrip's infringing conduct is enjoined.

67.    Upon information and belief, SlipToGrip acted with egregious misconduct with respect to Handstands' patent rights. Upon information and belief, SlipToGrip has made, sold, offered to sell, and/or imported into the United States the Accused Pad Product knowing that it was highly likely that its acts would

18

infringe the '602 Patent. As a result, SlipToGrip has engaged in willful infringement of the '602 Patent, and Handstands is therefore entitled to treble damages, interest, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285.

## FOURTH CAUSE OF ACTION
### (Infringement of the '867 Patent)

68.     Plaintiff hereby incorporates and realleges paragraphs 1-67 of this Complaint.

69.     Upon information and belief, the Accused Pad Product infringes at least one claim of the '867 Patent.

70.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States the Accused Pad Product, SlipToGrip has in the past, does now, and continues to directly infringe, contributorily infringe, and/or induce others to infringe the claims of the '867 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

71.     Claim 1 of the '867 Patent recites:

A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:
    a) a dashboard or console of a vehicle;

    b) a pad having different top and bottom surfaces, the bottom surface is disposed on and frictionally clings to the dashboard or console of the vehicle;

c) at least a substantial portion of the top surface is a contoured top surface with a plurality of protrusions or indentations; and

d) an item, removably disposed on and frictionally clings to the top surface of the pad, the item is selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

72.    A claim chart cross referencing the elements of Claim 1 with an explanation of the infringing aspects of the Accused Pad Product is attached hereto as Exhibit 9 and is incorporated by reference herein.

73.    Upon information and belief, SlipToGrip's customers and others are using the Accused Pad Product and at no time has Handstands granted SlipToGrip's customers and other users of the Accused Pad Product permission to practice the claims of the '867 Patent.

74.    Accordingly, SlipToGrip's customers and users of the Accused Pad Product have directly infringed and are directly infringing the '867 Patent.

75.    Upon information and belief, SlipToGrip knew about the '867 Patent at least because it knew of Handstands' products and its patent marking, and SlipToGrip knew that its actions constituted infringement of the '867 Patent.

76.     Upon information and belief, the packaging and/or manuals for SlipToGrip's Accused Pad Product instruct customers and other users on how to use the Accused Pad Product.

77.     Upon information and belief, SlipToGrip has induced and is inducing its customers and other users of the Accused Pad Product to infringe claims of the '867 Patent.

78.     Furthermore, upon information and belief, the features provided by the Accused Pad Product are material to practicing the '867 Patent and do not have a substantial non-infringing use.

79.     Accordingly, SlipToGrip has contributed and is contributing to the infringement of the '602 Patent.

80.     By reason of SlipToGrip's infringement of the claims of the '867 Patent alleged herein, Handstands has suffered damage in an amount to be proven at trial.  The harm to Handstands from SlipToGrip's infringing activities are not fully compensable by monetary damages, and Handstands will continue to suffer irreparable harm unless SlipToGrip's infringing conduct is enjoined.

81.     Upon information and belief, SlipToGrip acted with egregious misconduct with respect to Handstands' patent rights. Upon information and belief, SlipToGrip has made, sold, offered to sell, and/or imported into the United States the Accused Pad Product knowing that it was highly likely that its acts would

21

infringe the '867 Patent. As a result, SlipToGrip has engaged in willful

infringement of the '867 Patent, and Handstands is therefore entitled to treble

damages, interest, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284

and 285.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement of the '026 Registration)

82.    Plaintiff hereby incorporates and realleges paragraphs 1-81 of this

Complaint.

83.    The Accused Pad Product  is virtually identical to Handstands' goods

using the Pad Product Configuration.  As such, SlipToGrip's use of goods having a

generally rectangular shape comprising rounded corners, inwardly tapered long

sides and outwardly tapered short sides is likely to cause confusion, or to cause

mistake, or to deceive consumers in light of Handstands' '026 Registration product

configuration.

84.    Through these activities, SlipToGrip has infringed Handstands'

trademark rights under the Lanham Act, 15 U.S.C. §1114(a).

85.    Handstands has suffered actual damages, including lost profits, as a

result of trademark infringement by SlipToGrip in an amount to be proven at trial.

Additionally, the harm to Handstands arising from these acts by SlipToGrip is not

fully compensable by money damages.  Handstands has suffered, and continues to

suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by SlipToGrip is preliminarily and permanently enjoined.

86.    Since SlipToGrip's Accused Pad Product competes directly with the very popular Handstands' Sticky Pad® product and products using the '026 Registration product configuration, SlipToGrip was surely familiar with the '026 Registration product configuration, and SlipToGrip's continued unauthorized use of the product configuration is willful and intentional.  As a result, Handstands is further entitled to treble damages and an award of costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Lanham Act Unfair Competition)

87.    Plaintiff hereby incorporates and realleges paragraphs 1-86 of this Complaint.

88.    SlipToGrip has used in interstate commerce the Accused Pad Product, which employs a product configuration having a generally rectangular shape comprising rounded corners, inwardly tapered long sides and outwardly tapered short sides in connection with non-slip pad products, which use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of their goods and commercial activities in light of Handstands' '026 Registration product configuration.

89.    Through these activities, SlipToGrip has engaged in unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

90.    Handstands has suffered actual damages as a result of unfair competition by SlipToGrip in an amount to be proven at trial.  Additionally, the harm to Handstands arising from these acts by SlipToGrip is not fully compensable by money damages.  Handstands has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by SlipToGrip is preliminarily and permanently enjoined.

91.    Since SlipToGrip's Accused Pad Product competes directly with the very popular Handstands' Sticky Pad® product and products using the '026 Registration product configuration, SlipToGrip was surely familiar with the '026 Registration product configuration, and SlipToGrip's continued unauthorized use of the product configuration is willful and intentional.  As a result, Handstands is further entitled to treble damages and an award of costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and award Plaintiff relief as follows:

A.    A judgment that Defendant is liable to Plaintiff for infringing the claims of the Patents-in-Suit either directly and/or by the doctrine of equivalents;

24

B.     A judgment that Defendant is liable to Plaintiff for contributory infringement and/or induced infringement of the Patents-in-Suit;

C.     A judgment that Defendant's use of the Pad Product Configuration is likely to cause confusion with Handstands' '026 Registration product configuration and results in trademark infringement in violation of the Lanham Act 15 U.S.C. 114(1) and common law;

D.     A judgment that Defendant's use of the Pad Product Configuration is likely to cause confusion with Handstands' '026 Registration product configuration and results in unfair competition in violation of the Lanham Act 15 U.S.C. 114(1), and common law;

E.     Preliminary and permanent injunctions against Defendant, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, enjoining them from directly or indirectly infringing in any manner the claims of the Patents-in-Suit;

F.     Preliminary and permanent injunctions against Defendant, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, enjoining them from using in commerce any mark or product configuration that infringes, is likely to cause confusion with, or competes unfairly with Handstands' '026 Registration product configuration;

G.      A judgment granting Plaintiff damages adequate to compensate it for Defendant's infringement of the Patents-in-Suit, including an award of Defendant's total profits, in amounts to be proven at trial;

H.      An order finding that Defendant willfully infringed the Patents-in-Suit, that this is an exceptional case, and award Plaintiff enhanced damages, costs, and attorney's fees in accordance with 35 U.S.C. § 285 or other applicable law;

I.      A judgement granting Plaintiff damages adequate to compensate it for Defendant's infringement of and unfair competition related to the '026 Registration product configuration;

J.      Such other and further relief as shall seem just and proper to the Court under the circumstances.

## **JURY DEMAND**

Plaintiff demands that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Michigan Constitutions.

DATED this 11th day of April, 2018

By: /s/ Steven Susser
Steven Susser
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan  48009
Telephone:  (248) 988-8360
Email: ssusser@cgolaw.com
*Attorneys for Handstands Promo, LLC*